19461

W. D. BOURNE SUPPLY COMPANY, INC., Respondent, v.
SOUTHEASTERN FREIGHT LINES et al., Appellants
(191 S. E. (2d) 4)

*Joseph R. Young Esq.,* of *Young, Clement & Rivers,* of Charleston, *for Appellants,*

*Messrs. Moore, Flowers & Doar,* of Georgetown, *for Respondent,*

August 1, 1972.

BRAILSFORD, Justice:

In this action for injury to plaintiff's stock of goods, equipment and building by water, mud and silt, allegedly caused by the negligent operation of defendants' truck over a flooded street, producing a wake or wave which crashed into plaintiff's store, the jury found for plaintiff. The defendants have appealed upon exceptions charging that the court erred in refusing their motions for a directed verdict and for judgment *non obstante veredicto*. Since the issues raised by the latter motion were limited to those raised by the former, 12 West's South Carolina Digest, Judgment,— Key No. 199(1) (1952), we consider the motion made at the trial, which was upon three grounds, as follows:

1 "(T)hat the only reasonable inference to be drawn from all the testimony is, that there is no negligence on the part of the defendants which proximately caused the plaintiff's injury, or that could have been foreseen to cause the plaintiff's injury.

2 "(T)hat the question of damages is such, by way of proof offered, as would require the jury to speculate.

3 "(T)hat the plaintiff has not fulfilled his duty to miti-. gate his damages."

The first ground of the motion has not been pursued on appeal.

The burden of defendants' argument in support of the second ground is that plaintiff failed to offer evidence as to the salvage value of the damaged merchandise; hence, there was no evidence to which the jury could apply the usual before and after test in assessing plaintiff's loss. Assuming this to be true and further assuming, without deciding, that the point was preserved by the very general ground stated, the court would not have been justified in taking the case from the jury. The plaintiff's president testified that the defendants' truck caused damage to

142

its merchandise, equipment and building amounting to $26,411.60. This testimony went to the jury without objection, and, with other evidence descriptive of the condition of the goods and premises after the inundation, required submission of the case to the jury.

Any failure of the plaintiff to reasonably mitigate its damages would affect the amount of its recovery but would not put it out of court altogether. This issue was properly submitted to the jury.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.